**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DAVID CHROENG** | **CIVIL DOCKET NO. 1:26-cv-1989** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN, RIVER CORRECTIONAL FACILITY, ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner David Chroeng on June 11, 2026. (Doc. 1). At the time of filing, Petitioner was detained at the River Correctional Facility in Ferriday, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

Petitioner filed the instant Petition for Writ of Habeas Corpus alleging that he was being detained by the Department of Homeland Security ("DHS") "in violation of the Constitution and laws of the United States." (Doc. 1, ¶ 6). The Government avers that the Petitioner, a native and citizen of Cambodia, was subject to an administratively final order of removal.[1] (Doc. 11-1). The Petitioner contends,

[1] Petitioner entered the United States on October 16, 2006, at an unknown time and an unknown place without being inspected by an immigration officer at a designated Port of Entry. (Doc. 11-1, ¶ 3). On July 18, 2018, Petitioner was ordered removed to Cambodia. On August 20, 2018, Petitioner filed an appeal with the Board of Immigration Appeals (BIA). On October 18, 2018, Petitioner's appeal was dismissed. He filed a Motion to reopen which was granted on December 17, 2019. Petitioner was ordered removed on December 17, 2019. *Id.* at ¶ 4. On August 3, 2020, Petitioner was released on an Order of Supervision. On August

however, that he was a class member of the *Chhoeun v. Marin* class action and that respondents violated the terms of the class action settlement by failing to give petitioner the required 14-day notice before being re-detained.

The United States Attorney's Office has confirmed with the Court that while the matter was pending, Petitioner was removed to Cambodia on July 1, 2026. (Doc. 11-1).

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam), *citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Id.* at 257, *citing Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *see also Kokoski v. Fox*, 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event ... causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'"), *quoting Dailey v. Vought* Aircraft Co., 141 F.3d 224, 227 (5th Cir. 1998). *See also Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24- CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) (Here, Petitioner challenged the lawfulness of his continued detention.

---

June 3, 2026, he was served a Notice of Revocation of Release and brought back into ICE custody. *Id.* at ¶ 5.

Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (asccord). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978), *citing North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974).

Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the Court cannot grant the relief he requested. Therefore, the § 2241 petition is moot and should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be DENIED WITHOUT PREJUDICE and DISMISSED because the Petitioner's claims are MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 21st day of October, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE